FRUGE, Judge ad hoc.
This is a suit by Mrs. Lucille L. Zimmer-mann and her husband, Paul A. Zimmer-mann, against W. B. Delafield, wherein they seek to recover rent for the use and occupancy by the defendant, W. B. Delafield, of Lot No. 16 of Block No. 2 of the Broadway Sub-division in the City of Lake Charles, Louisiana, for a period beginning February 12, 1948, and up to and including November 12, 1948.
The plaintiffs’ suit is based on their right to recover under quantum meruit since there was admittedly no written or verbal lease, and contend that $25.00 per month is a fair rental value for the property.
The defendant admits that Lot No. 16 of Block No. 2 of the Broadway Sub-division is owned by plaintiffs and that he used and occupied same between February 12, 1948, and November 12, 1948, and paid no rent. However, after suit was filed, but before trial, defendant tendered $100.00 and costs, which tender was for rent at the rate of $11.11 per month for the period of nine months, which he contends is a fair rental for said property.
Lot No. 16, the property in question, is an unimproved lot located in Block No. 3 of the Broadway Sub-division in the City of Lake Charles, Louisiana, Block No. 3 of said sub-division is bounded on the North by Broad Street, which is the main and only paved highway leading out of the City of Lake Charles to the East; South by First Avenue; Fifth Avenue on the East and Fourth Avenue on the West. However, the lot in question does not bound on Broad Street but is adjacent to and enjoins property fronting on Broad Street owned by plaintiffs and property owned by defendant. The lot in dispute would have a frontage south on First Avenue, which is a block south of Broad Street, but there is a drainage ditch running in an easterly and westerly direction across the south end of said lot, thereby depriving it of frontage on said street.
The only question at issue is what is a fair rental for the property used and occupied by the defendant. The lower court found that the defendant, W. B. Delafield, should pay $20.00 per month for his unauthorized use of the property which totals $180.00 plus interest at the rate of five per cent per annum from judicial demand. Defendant appeals.
This court has carefully read the record and although there is some variance and conflict between the testimony of witnesses for plaintiff and defendant, it is of the opinion that the lower court’s judgment should not be disturbed.
Mathews v. Priest, La.App.1936, 165 So. 535, “Trial court’s findings of fact made .on conflicting testimony will not be disturbed where not manifestly wrong.”
*339 Reeves v. Clark, La.App.1944, 18 So.2d 223, “Where evidence is conflicting and confusing, great weight must be given to findings of trial judge.”
Paquet v. Renken, La.App.1947, 30 So.2d 218, “The trial judge’s finding on disputed facts if not manifestly erroneous cannot be disturbed.”
Sparks v. Dan Cohen Co., 1937, 187 La. 830, 175 So. 590, “The determination of a trial judge as to rental value of property would not be disturbed on appeal, although the testimony or estimates might have justified a greater allowance, since trial judge was in better position to make such determination.”
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.